104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis ESCAMILLA-HERNANDEZ, Defendant-Appellant.
 No. 96-50255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Escamilla-Hernandez appeals his 120-month sentence imposed following his guilty plea to one count of importing cocaine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss for lack of jurisdiction.
 
 
 3
 Escamilla-Hernandez contends that the district court should have departed downward on the basis that his criminal history points overrepresented the seriousness of his prior criminal conduct. We disagree.
 
 
 4
 A district court's discretionary refusal to depart downward is not subject to review on appeal, unless the district court based its decision on the belief that it lacked the legal authority to depart. United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995); United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994). Here, the district court stated at sentencing, "I don't believe that this is the appropriate case for the court to exercise its discretion to depart.... I'm not basing my ruling on my belief that I lack the power to do it." Because the district court recognized its authority to depart downward, but declined to do so, we cannot review the district court's decision. See Eyler, 67 F.3d at 1390 n. 5; Eaton, 31 F.3d at 792-93.[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In any event, Escamilla-Hernandez's argument that a downward departure would have allowed him to avail himself of the "Safety Valve" provision, 18 U.S.C. § 3553(f), is foreclosed by United States v. Valencia-Andrade, 72 F.3d 770, 774 (9th Cir.1995) (holding that section 3553(f) "explicitly precludes departure from the mandatory minimum provisions of 21 U.S.C. § 841 if the record shows that a defendant has more that one criminal history point.")